MARTÍNEZ ET AL. *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of Caguas.

No. 20.—Decided February 8, 1909.

APPEAL—POINTS ACCEPTED BY THE REGISTRAR.—It is not necessary to discuss on appeal the points which have been accepted or recognized by the registrar in his decision.

EXECUTORS—SALE OF REAL PROPERTY FOR PAYMENT OF FUNERAL EXPENSES AND LEGACIES—INTERVENTION OF HEIRS.—The intervention granted heirs by section 877 of the Civil Code in the sale of real property by executors for the payment of funeral expenses and legacies, has for its object the prevention of the legal rights of the heirs from being impaired by possible abuse of their powers on the part of executors.

DEBTS OF TESTATOR—INHERITANCE.—Debts contracted by the testator shall always be paid before recognizing the existence of the inheritance.

EXECUTORS—SALE OF REAL PROPERTY FOR PAYMENT OF DEBTS OF TESTATOR—INTERVENTION OF HEIRS.—The sale of real property by executors for payment of debts contracted by the testator, does not require the intervention of the heirs.

The facts are stated in the opinion.

*Mr. José Tous Soto* for appellant.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

This is an appeal taken by José Tous Soto, Esq., on behalf of the brothers, Angel and Manuel Martínez, from a decision of the Registrar of Property of Caguas, refusing admission to record of a deed of conveyance in payment of a debt.

Miguel Criado Blas died leaving a will in which Manuel Antonio Criado, Pedro José Alvarado and Rosa Rodríguez are appointed executors with powers jointly and *in solidum* to collect and pay credits and debts, etc., etc., and to sell property, if necessary, to meet the expenses of the testamentary proceedings and to carry out, extra judicially, all the operations thereof, all judicial controversies not absolutely necessary being strictly forbidden.

Pedro José Alvarado, acting in the aforesaid capacity, executed a deed before Notary Felipe Rodríguez, of Coamo, under date of April 6, 1905, conveying four properties to Angel and Manuel Martínez in payment of a debt contracted by the testator.

Upon presentation of said deed at the Registry of Property of Caguas for admission to record, the registrar, while recognizing the capacity of the testamentary executor to execute the deed, refuses to record the same because "Pedro José Alvarado in his capacity as private testamentary executor of the testator, Miguel Criado Blas, has conveyed the aforesaid estates to Angel Martínez y Caballero and Manuel Martínez y Caballero in payment of debts in testamentary proceedings of Criado's estate, without the heirs of the latter having assented to the execution of the deed."

Although the decision of the registrar mentions other defects, the appellants assert, through their attorney, that all have been cured, and that said estates are now recorded in the name of the heirs constituted in the will, this appeal being confined to the question as to whether or not said heirs must necessarily assent to the deed executed by the testamentary executor, Pedro José Alvarado.

The capacity of the testamentary executor to alienate the estates referred to in the deed presented at the registry being

recognized by the registrar, there is no necessity of discussing this point in this appeal.

The provision of section 877 of the revised Civil Code forbidding executors to sell real property for payment of funeral expenses and legacies without the consent of the heirs, has no object other than to prevent the legal rights of the latter from being impaired by possible abuse of their powers on the part of executors.

Debts contracted by the testator should always be paid before recognizing the inheritance as existing, and as the Registrar of Property of Caguas does not discuss or deny the existence of the debt nor question the fact that the estates adjudicated have been conveyed to the real creditors who have given a receipt in full for said debts, the conveyance thus effected, without the intervention of the heirs by force of law, does not violate any prohibitory provision, wherefore, the deed presented at the registry under such conditions, should be admitted to record.

The decision entered by the Registrar of Property of Caguas at the end of the deed in question, is reversed in so far as the assent of the heirs of Miguel Criado y Blas is required for the admission thereof to record, no opinion being rendered upon the other defects, also mentioned in the decision, because these have been cured by the appellants themselves. The documents presented are ordered to be returned to the registry of property from which they proceed, together with a certified copy of this decision for the information of all concerned, and such other effects as may be proper.

*Reversed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.